———o———

FOUNTAIN WALLER, Plaintiff in Error, *vs.* A. B. EVERETT, *et al.*, Defendants in Error.

1. *Statutes—Constitution—Public instruction—Sugar Tree Grove Academy, act of incorporation of—Repeal by implication.*—Sections 5 and 6 of the charter of the Sugar Tree Grove Academy, being inconsistent with the present constitution of the State and the acts passed pursuant thereto, is repealed by implication.

*Error to Clay County Circuit Court.*

*Samuel Hardwick,* for Plaintiff in Error.

While repugnant statutes necessarily supplant previous ones, they must be clearly repugnant; for unless the legislative intent is expressed in terms, it will not be assumed if any other construction can be given to the subsequent act. (State *ex rel.,* Maguire vs. Draper, 47 Mo., 29, 33; State, *ex rel.* Vastine vs. McDonald, 38 Mo., 529.)

Repeals by implication are not favored by the law and are not operative, unless " plainly repugnant," so that " the two cannot stand together." (Bowen vs. Lease, 5 Hill, 221; McCartee vs. The Orphan Asylum Society, 9 Cowen, 437; 2 Pick., 176; 13 Pick., 348; 20 Pick., 410; 24 Pick., 497; Snell vs. The Bridgewater Cotton Gin Manufacturing Co., 24 Pick., 296; Brown vs. City of Lowell, 8 Met., 172; Tracy vs. Goodwin, et al., 5 Allen, 409.)

*D. C. Allen*, for Defendants in Error.

In the absence of any constitutional prohibition, the power to pass laws repealing by implication is undoubted, and statutes clearly repugnant to previous ones necessarily supplant them. (Potter's Dw., p. 113, n. 9; *Id.*, p. 154 and n. 4; State, *ex rel.*, Maguire vs. Draper, 47 Mo., 29.)

The constitution expressly repeals all laws which were inconsistent with it. (Constitution, Art. 2, Sec. 3, 1 W. S., 61.)

Sections 5 and 6 of the Charter of Sugar Tree Grove Academy are clearly repugnant to the constitution of 1865, and legislation enacted since then.

Ewing, Judge, delivered the opinion of the court.

A writ of certiorari was issued to the defendants, Justices of the County Court of Clay County, upon the petition of plaintiff alleging that he had been erroneously assessed for School purposes. Upon the return being made to the writ, a motion to quash it was sustained by the Circuit Court, and plaintiff excepted and brings the cause to this court by writ of error.

Plaintiff is a stockholder in an Academy known as the Sugar Tree Grove Academy, incorporated by an Act of the General Assembly, approved January 15, 1855. This act constituted the stockholders in said Academy an organized school district, with the same rights, privileges and immunities, and subject to the same liabilities as to accounting for funds drawn from the County Treasury, as other trustees of school districts. It was therein further provided that upon the application of any stockholder of said Academy to the trustees of his original district, they should pay him his due proportion of all school

funds according to the number of scholars listed to said applicant in the reports made to the County School Commissioner for the year 1854; and that each stockholder should be free and exempt from tax for school purposes in his original district from and after the passage of the act.

For the defendants it is maintained that sections 5 and 6 of the charter, the substance of which is given above, are repealed by the act of 1868, and this is the only question for determination. The plaintiff claims that no part of the act of 1855 above referred to, is repealed by any subsequent act, and that the school district thereby established, remains an independent school organization, subject only to the law creating it. It is not pretended that there is any express repeal of the sections 5 and 6 of the charter of the Academy; but it is urged that they are inconsistent with the constitution subsequently adopted, and the laws passed pursuant thereto relating to a system of public instruction, and especially the act of 1868.

Gratuitous instruction and taxation as the means of sustaining it are the leading features of the new constitution which are sought to be carried into effect by the act referred to. The immediate administration of the system is confided to directors of townships, and township Boards of Education. The former are required, among other duties, to take an enumeration of all the white and colored youth between certain ages resident in the sub-districts, and report the same together with a list of tax-payers of such district to the township clerk. They are also required to forward to the proper officer, in each year, an estimate of the funds necessary to sustain the schools in their respective sub-districts for a period of not less than four nor more than six months. All property in the district is liable to taxation for school purposes. The public school moneys are to be apportioned among the districts according to the enumeration and returns furnished the county clerks, etc. Those and other provisions that need not be mentioned, show an intention to establish a school system on a basis which admits of no such exemption from the burdens it imposes, as is claimed by the plaintiff.

The charter of the academy is peculiar in constituting the *stockholders* a *school district ;* and while entitling them to a a share of the public moneys, exempts them from taxation for school purposes. Any one may become a stockholder by sub-scribing and paying a sum not exceeding ten dollars. There is no limit to the number, nor as to the place of their resi-dence. It is obvious that an institution thus organized, hav-·ing no congruity with the general school system, and yet not claiming entire freedom from its control, would introduce con-fusion into its administration and impair the efficiency and usefulness of the system, at least within the sphere of its operation.

If the members of the corporation are exempt from lia-bility to contribute their due share of taxes for the support of schools in the district by virtue of being stockholders, it is not improbable that the provision in regard to free schools might become nugatory, or that the tax-payers who are not stock-·holders would be subjected to improper burdens by reason of such exemption, in order to sustain them. Other provisions might be pointed out showing a like repugnancy between the two acts.

The repeal of the sections referred to which are inconsis-tent with the general law, leaves the institution a complete corporation without these provisions; and it has all the powers necessary to the attainment of the primary objects of the charter. Judgment affirmed. The other judges concur.